UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBIN M. LEE,

        Plaintiff,

v.

PETER HO, et al.,

        Defendants.

2:12-CV-884 JCM (GWF)

**ORDER**

Presently before the court is pro se plaintiff's motion of objection (doc. #22) to an order of dismissal (doc. # 20).

**I.   Background**

Plaintiff filed a complaint against several defendants on May 24, 2012.  (Doc. # 1). Plaintiff then filed a motion for default judgment on June 18, 2012, prior to serving any of the defendants.  (Doc. #4).  On June 26, 2012, the court denied that motion because the defendants had not been served (doc. #8).[1]

Plaintiff then filed a motion for entry of a clerk's default on July 6, 2012.  (Doc. #9). The court denied that motion, also, for failure to serve the defendants.  (Doc. #10).  Plaintiff filed another motion for default judgment.  (Doc. #11).  The court denied that motion because the plaintiff had yet to serve any defendant in this matter.  (Doc. #12).  The copy of the order

---

[1] The court also denied a separate and independent motion that was supplemental briefing to plaintiff's motion for default judgment.

**James C. Mahan**
**U.S. District Judge**

1  (doc. #12) mailed to plaintiff was returned as undeliverable. (Docs. ## 13-14).

2  On October 5, 2012, the clerk's office filed a notice of intent to dismiss the action due
3  to plaintiff's failure to provide proof of service on any party. (Doc. #17). On October 12,
4  2012, the notice was returned as undeliverable. (Doc. # 18). On November 8, 2012, the
5  court ordered the dismissal of this action because the plaintiff failed to comply with Federal
6  Rule of Civil Procedure 4(m). (Doc. #20). On November 19, 2012, plaintiff's copy of the
7  order was returned as undeliverable. (Doc. #21). On November 26, 2012, plaintiff filed a
8  motion of objection (doc. #22) to the order of dismissal (doc. #20).

**II.    Legal Standard**

The court finds it necessary to provide the standard for various local rules and the Federal Rules of Civil Procedure.

*A. Federal Rules of Civil Procedure Rule 4(m)*

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." Fed.R.Civ.P. 4(m). Further, "[d]istrict courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961). The Ninth Circuit has "repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders." *Id.* (internal citations omitted). "Courts have inherent equitable powers to dismiss actions or enter default judgments for failure to prosecute, contempt of court, or abusive litigation practices." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915 916 (9th Cir. 1987).

*B. Federal Rules of Civil Procedure Rules 59 and 60*

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for

James C. Mahan
U.S. District Judge

- 2 -

reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the final judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

*C.  Local Rules LR IA 4-1 and LR 5-1(a)*

"The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in *pro se* who, without just cause: [f]ails to comply with these Rules; or [f]ails to comply with any order of this Court." LR IA 4-1.

"All papers required or permitted to be served shall have attached, when presented for filing, a written proof of service. The proof shall show the day and manner of service and the name of the person served. Proof of service may be by written acknowledgment of service or certificate of the person who made service." LR 5-1(a).

**III.  Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m), on October 5, 2012, the clerk of the court provided notice to plaintiff that the action would be dismissed if plaintiff did not file proof of service of process by November 4, 2012. (Doc. # 17). On November 8, 2012, the court ordered the dismissal of the action for plaintiff's failure to provide proof that any defendant had been served. (Doc. #20). To date, plaintiff has failed to provide proof of service on any defendant.

Plaintiff's current motion is an objection to the dismissal of his action. Since plaintiff is acting pro se, the motion is construed as motion under both Rule 59(e) and Rule 60(b). However,

1  even after giving this pro se plaintiff every benefit of the doubt, his motion can not overcome the
2  standards for reconsideration under either rule.
3       Further, plaintiff was warned on four separate occasions of the requirement to serve the
4  defendants. (*See* docs. ## 8, 10, 12, and 17). To date, plaintiff has failed to provide proof of service
5  to any defendant for any of the filings made by plaintiff, as required by local rule 5-1.
6       Plaintiff cannot in good faith say that he never received notice of this court's prior orders or
7  the clerk's notice of intent to dismiss. It is true that all these mailings were returned to the court as
8  undeliverable. However, it is also true that plaintiff managed to stay apprised of all pertinent
9  happenings on the docket. For example, each time this court denied plaintiff's motion for default
10 judgment he filed another motion seeking the same relief. The dismissal of plaintiff's lawsuit is
11 because of plaintiff's own failures to comply with the rules.
12      Accordingly,
13      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion of
14 objection (doc. # 22) be, and the same hereby, is DENIED.
15      DATED February 4, 2013.

                                                        */s/ James C. Mahan*
                                        **UNITED STATES DISTRICT JUDGE**